# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **MAIN LINE MECHANICAL OF VIRGINIA, INC.,** * <br> * <br> Plaintiff, * <br> * Case No.: RWT 11cv203 <br> v. * <br> * <br> **HERMAN/STEWART CONSTRUCTION & DEVELOPMENT, INC.,** * <br> * <br> Defendant. * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**HERMAN/STEWART CONSTRUCTION & DEVELOPMENT, INC.,**

　　　Plaintiff,

v.　　　　　　　　　　　　　　　　Case No.: RWT 11cv637

**MAIN LINE MECHANICAL OF VIRGINIA, INC., ET AL.,**

　　　Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION

These actions arise out of a contract dispute between a general contractor, Herman/Stewart Construction and Development, Inc. ("Herman/Stewart"), and its subcontractor, Main Line Mechanical of Virginia, Inc. ("Main Line"). Each party alleges that the other failed to perform pursuant to the terms of a subcontract agreement ("the Subcontract") between the

parties. Herman/Stewart seeks to enforce a forum selection clause in the Subcontract stating that any and all litigation between the parties is to be filed in Montgomery County, Maryland.

Pending before the court is Herman/Stewart's motion to remand Case No. RWT 11-cv-637, Main's Line's motion for partial dismissal of Case No. RWT 11-cv-637, and Herman/Stewart's motion to dismiss Case No. RWT 11-cv-203. The issues have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). Because the Court concludes that the forum selection clause is mandatory and enforceable, Case No. RWT 11-cv-637 will be remanded back to the Circuit Court for Montgomery County, and Case No. RWT 11-cv-203 will be dismissed without prejudice to refile in the Circuit Court for Montgomery County either as a new action or as a counterclaim in the remanded case.

## **BACKGROUND**

Herman/Stewart, a Maryland Corporation with its principal place of business in Prince George's County, Maryland, is a general contractor on various commercial construction projects. Main Line Compl. ¶¶ 2, 5, Case No. RWT 11-cv-203, ECF No. 1. Main Line, a Virginia corporation with its principal place of business in Bristol, Pennsylvania, is in the business of installing mechanical systems in buildings while acting as a subcontractor in commercial construction projects. Main Line Compl. ¶¶ 1, 4.

Herman/Stewart is the general contractor for the construction of the Hilton Garden Inn-Constitution Square ("the Project"), located at 1225 First St., N.E. Washington, D.C. 20002. On or about April or June, 2010, Main Line and Herman/Stewart entered into a Subcontract, whereby Main Line was to provide labor, materials, equipment, obtain permits and fees, and pay taxes and insurance to complete the scope of its work on the Project. Main Line Compl. ¶¶ 6, Herman/Stewart Compl. ¶ 9. Disputes as to payments owed to Main Line on the Subcontract,

and the quality of Main Line's work, broke out sometime thereafter. On or about January 6, 2011, Main Line ceased work on the Project.

**Herman/Stewart v. Main Line, et al., Case No. RWT: 11-cv-637**

On January 21, 2011, Herman/Stewart filed a complaint in the Circuit Court for Montgomery County, alleging that Main Line breached the Subcontract by failing to complete its work in accordance with the Subcontract, installing non-conforming work, failing to pay suppliers for materials, and failing to provide adequate manpower, materials, and equipment to complete its work. Herman/Stewart's Compl. ¶ 12; Case No. RWT: 11-cv-637, ECF No. 4. Herman/Stewart's complaint also alleges that Helen and Leonard Santos, both managing agents of Main Line, violated Md. Real Prop. Code Ann. § 9-201 (the "Trust Fund Statute"), by misappropriating funds that were paid by Herman/Stewart and held in trust by Main Line to pay suppliers on the Project. Herman/Stewart's Compl. ¶¶ 16- 27.

On March 9, 2011, Main Line removed the action to this Court based on diversity jurisdiction. Case No. RWT 11-cv-637, ECF No. 3. On March 22, 2011, Herman/Stewart moved to remand the case to the Circuit Court for Montgomery County pursuant to the forum selection clause in the Subcontract.

On April 4, 2011, Main Line opposed the motion to remand and answered count I of the complaint. On April 18, 2011, Herman/Stewart amended its complaint by withdrawing the claimed violations of the Trust Fund Statute, substituting claims of fraud against Helen and Leonard individually, and adding count IV for conspiracy against Helen and Leonard together. *See* Herman/Stewart's Am. Compl., Case No. RWT: 11-cv-637, ECF No. 17. On April 28, 2011, Main Line, Helen, and Leonard moved to dismiss counts II-IV of the amended complaint for failure to state a claim, which Herman/Stewart opposed.

**Main Line v. Herman Stewart, Case No. RWT: 11-cv-203**

On January 26, 2011, five days after Herman/Stewart filed its complaint in the Circuit Court for Montgomery County, Maryland, Main Line filed a complaint in this Court, alleging that Herman/Stewart breached the Subcontract by failing to pay for materials and services provided. Main Line Compl. ¶¶ 7-13. Main Line seeks to recover for breach of contract, negligent misrepresentation, unjust enrichment, and promissory estoppel. Main Line Compl. ¶¶ 9, 15, 22, 30. On February 24, 2011, Herman/Stewart moved to dismiss Main Line's complaint for lack of jurisdiction pursuant to the forum selection clause in the subcontract as well as for failure to state a claim on all counts except breach of contract. ECF No. 8. Main Line opposed the motion on March 9, 2011. ECF No. 11.

## ANALYSIS

Before diving into the merits of the parties' respective claims, the Court must first determine whether the cases are properly before it. Herman/Stewart argues that the claims in both cases are subject to the Subcontract's valid, enforceable, and mandatory forum-selection clause barring litigation outside of Montgomery County, Maryland. Main Line contends that the forum selection clause should be construed as a venue selection clause that is contrary to Maryland venue law and therefore invalid.

### A. The forum selection clause

The Subcontract contains the following forum selection clause: "Any and all litigation between the parties to this subcontract shall only be filed in the Circuit Court and/or District Courts of Maryland located in Montgomery County, Maryland." Subcontract ¶¶ 9.1-9.2, Case No. RWT 10-cv-637, ECF No. 10-3 at 2, Ex. 1.

The first step in analyzing the validity of a forum-selection clause is determining whether federal or state law should be applied. *See Davis Media Group, Inc. v. Best Western*

*International, Inc.*, 302 F. Suppl. 2d 464, 466 (D. Md. 2004). Because this is a diversity action, the substantive law of Maryland is applied to analyze the forum selection clause. *Silo Point II LLC v. Suffolk Const. Co., Inc.,* 578 F. Supp. 2d 807, 809 (D. Md. 2008), (citing *Eisaman v. Cinema Grill Systems, Inc.,* 87 F. Supp. 2d 446, 448 (D. Md. 1999)). However, Maryland courts have adopted the federal standard in analyzing the enforceability of a forum-selection clause. *Gilman v. Wheat, First Securities, Inc.,* 692 A.2d 454, 463 (Md. 1997).

The Supreme Court has held that forum-selection clauses "are *prima-facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10 (1972). The court's task in determining the enforceability and applicability of a forum-selection clause is threefold:

> First, [the court] must establish whether the clause is mandatory. If so, the clause is presumptively enforceable. Second, the court must establish whether the clause is presumptively enforceable against the particular claims in dispute, i.e.[,] whether the claims fall within the scope of the clause. If it finds that they do fall within the clause's scope, then that clause presumptively applies to bar their adjudication outside its designated forum. Third and finally, the court must decide whether the party opposing the clause's enforcement has rebutted the presumption of enforceability by proving that enforcement would be unreasonable. If it has not, the clause will be enforced.

*Varsity Gold, Inc. v. Lunenfeld,* Civ. No. CCB-08-550, 2008 WL 5243517, at *2 (D.Md. Dec.12, 2008) (internal citations and quotation omitted).

First, there is no question that the clause is mandatory. A mandatory provision is "one containing clear language showing that jurisdiction is appropriate only in the designated forum." *Davis*, 302 F. Supp. 2d at 467 (quoting *Koch v. America Online, Inc.*, 139 F.Supp.2d 690, 693 (D. Md. 2000)). The "use of the word 'shall' [in forum selection clauses] generally indicates a mandatory intent unless a convincing argument to the contrary is made." *Id.* at 468. The clause in question states that "[a]ny and all litigation between the parties to this subcontract shall only

5

be filed in the Circuit Court and/or District Courts of Maryland located in Montgomery County, Maryland." (emphasis added). It is clear to the Court that the forum-selection clause in the Subcontract is mandatory.

Second, the forum selection clause expressly covers "[a]ny and all litigation between the parties." The claims at issue therefore fall within the scope of the forum selection clause[1] and the clause presumptively applies to bar adjudication of these claims outside of the Circuit Court and/or District Courts of Maryland located in Montgomery County. *See Varsity Gold, Inc.*, 2008 WL 5243517, at *2

A Maryland court will not enforce even a mandatory forum selection clause if it concludes that the clause is "unreasonable" under the federal standard set forth by the Supreme Court in *Bremen*, 407 U.S. 1. *See Gilman*, 692 A.2d at 463. The burden is on the party opposing enforcement of the clause - here, Main Line - to demonstrate that enforcement of the forum selection clause would be "unreasonable." *Id.*

In *Bremen,* the Supreme Court established that a forum selection clause may be found unreasonable if: (1) its formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) its enforcement would contravene a strong public policy of the forum state. *Bremen,* 407 U.S. at 10. The first three prongs of the *Bremen* analysis are not in dispute. There is no allegation of fraud or overreaching during the formation

---

[1] With respect to Helen and Leonard Santos, the individual defendants named in Case No. RWT 10-cv-637, their capacity as officers of Main Line does not preclude enforcement of the Forum Selection Clause. Rather, "it is generally held that all participants, parties, and non-parties are covered by choice of forum clauses so long as their alleged conduct is 'closely related' to the contract in question." *Belfiore v. Summit Federal Credit* Union, 452 F. Supp.2d 629, (D. Md. 2006). Even if the conduct of the individual defendants is not "closely related" to the Subcontract, removal is not proper unless all defendants consent to the removal petition. For reasons discussed below, Main Line could not properly consent; therefore, removal is not proper.

6

of the contract by either party, the forum of Montgomery County is negligibly more or less convenient for the parties than this Court, and the same substantive law would apply.

Thus, in order to rebut the presumption of enforceability, Main Line must show that enforcement of the forum selection clause contained in the Subcontract would contravene a strong public policy of Maryland. Main Line argues that the "venue" selection clause in the Subcontract is unenforceable because it is contrary to Maryland venue laws.[2] Although Main Line patches together a mishmash of cases striking clauses contrary to state venue laws,[3] it admittedly cannot cite a single Maryland case reaching the same result. The Court fails to see how it can be a strong public policy of Maryland to enforce its statutory venue law in favor of a contractually negotiated forum selection clause when there is not a single Maryland case to support such a finding. Moreover, Main Line and Herman/Stewart are sophisticated construction companies who presumably regularly enter into contractual arrangements containing forum selection clauses. Enforcement of the forum selection clause in this case thereby "protects their legitimate expectations." *Davis*, 302 F.Supp. at 470.

In short, Main Line has failed to satisfy its "heavy burden" of showing that enforcement of the forum-selection clause in this case would be unreasonable. *Id.* at 469. Accordingly, the provision will be enforced and Case No. RWT 11-cv-637 will be remanded to the Circuit Court for Montgomery County and Case No. RWT 11-cv-203 will be dismissed without prejudice to

---

[2] The statutory venue law in Maryland as set forth in Md. Courts and Jud. Proc. Code. § 6-201, provides: "Subject to the provisions of Sec. 6-202 and 6-203 of this subtitle and unless otherwise provided by law, a civil action shall be brought in a county where the defendant resides, carries on a regular business, is employed, or habitually engages in a vocation. In addition, a corporation may be sued where it maintains its principal offices in the State." Main Line argues that the only statutorily permitted venues in Maryland would be in Prince George's County, where Herman/Stewart maintains its principal offices, or in this Court under diversity jurisdiction.

[3] *See Martin-Trigona v. Roderick,* 331 N.E. 2d. 100, 101 (Ill. 1975); *Great Lakes* 251 S.W. 3d 68, 75 (2008)

refile in the Circuit Court for Montgomery County either as a new action or as a counterclaim in the remanded case.

### B. Herman/Stewart's Request for Attorney's Fees

Herman/Stewart requests attorney's fees associated with the preparation of its motion to remand. Although the case is remanded, the Court will retain jurisdiction over the collateral issue of costs and attorney's fees under § 1447(c) for improper removal.[4] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Under § 1447(c), a court may only award attorney's fees "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Bad faith is not required; fees may be awarded even if removal is sought in subjective good faith." *Miller v. Baker*, 2010 WL 3585423, at *1 (W.D. Va. September 9, 2010) (citing *In re Lowe,* 102 F.3d 731, 733 n. 2 (4th Cir. 1996)).

In this case, Main Line clearly contracted to litigate in the Circuit Court for Montgomery County. As discussed above, the clause was mandatory and Main Line has failed to show that enforcement of the clause would be unreasonable. The Court therefore concludes that Main Line lacked an objectively reasonable basis for seeking removal of Case No. RWT 11-cv-637.

However, Herman/Stewart has not submitted information that would comply with the requirements for an award of fees in the Fourth Circuit. In *Robinson v. Equifax Information*

---

[4] *See e.g., Bryant v. Britt,* 420 F.3d 161, 165 (2d Cir. 2005) (holding that a district court has jurisdiction to resolve a motion for fees and costs under § 1447(c) after a remand order has been issued); *Wisconsin v. Hotline Indus., Inc.,* 236 F.3d 363, 364 (7th Cir. 2000) (same); *Stallworth v. Greater Cleveland Reg'l Transit Auth.,* 105 F.3d 252, 257 (6th Cir. 1997) (same); *Mints v. Educ. Testing Serv.,* 99 F.3d 1253, 1258-59 (3d Cir. 1996) (same); *Moore v. Permanente Med. Group,* 981 F.2d 443, 445 (9th Cir. 1992) (same); *Miller v. Baker*, 2009 WL 4841019 (W.D.Va. December 15, 2009) (same); *Williamsburg Plantation, Inc. v. Bluegreen Corp.,* 2007 U.S. Dist. LEXIS 8382 *6, 2007 WL 445289 (E.D.Va. Feb. 5, 2007) (concluding the court retained jurisdiction to consider attorney's fees under § 1447(c) following remand).

*Services LLC*, 560 F.3d 235 (4th Cir. 2009), the Fourth Circuit set forth in detail the factors that are required to be considered in determining the amount of an award of fees, where such an award is appropriate. Among the factors that must be addressed by a person seeking a recovery of fees is that the fees be reasonable. *Id.* at 243. In determining the question of reasonableness, the fee applicant must not only detail the hours actually logged in the matter, but must also produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which an award is sought. *Id.* at 245.

Because the Court concludes that an award of attorney's fees may be appropriate in this case, but Herman/Stewart's request does not comply with the requirements of the Fourth Circuit, counsel for Herman/Stewart will be granted leave to file, on or before September 30, 2011, a detailed affidavit in support of its request for attorney's fees. Herman/Stewart's affidavit should be current through the date of submission and should conform with the requirements for an award of fees in the Fourth Circuit.

## **CONCLUSION**

The forum selection clause agreed to by the parties stating that all lawsuits shall be filed in the Circuit Court for Montgomery County is valid and enforceable. Accordingly, Case No. RWT 11-cv-637 will be remanded back to the Circuit Court for Montgomery County, Maryland, and the Court will retain jurisdiction over the request for attorney's fees only. Case No. RWT 11-cv-203 will be dismissed without prejudice to refile in the Circuit Court for Montgomery County either as a new action or as a counterclaim in the remanded case. A separate order follows.

8-31-11
Date

By Alexander Williams, Jr. for RWT
Roger W. Titus
United States District Judge